**Gregorio S. BACTONG, Plaintiff,**

v.

**UNITED STATES VETERANS ADMINISTRATION, et al., Defendants.**

**Civ. A. No. 85–3381.**

United States District Court, District of Columbia.

Jan. 13, 1987.

Daniel Bensing, Asst. U.S. Atty., Washington, D.C., for defendants.

Oregorio S. Bactong, pro se.

### MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., Chief Judge.

Before the Court in this matter is the government's Motion to Dismiss on the grounds that the Court lacks jurisdiction over the subject matter of this action and the complaint fails to state a claim upon which relief can be granted. For the reasons discussed below, this motion will be granted.

■ Plaintiff is one of a group of individuals who has sued the United States Veterans Administration for various benefits. Statutory and case law indicate that this action cannot be maintained in this Court.

Congress has specifically prohibited judicial review of VA benefit decisions. 38 U.S.C. § 211(a) provides:

On and after October 17, 1940, . . . the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have the power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.

The Supreme Court has upheld this statute. *See, Johnson v. Robison,* 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974). The substance of Plaintiff's case is clearly to obtain VA benefits and as such is not reviewable by this Court.

■ The only exception to 38 U.S.C. § 211(a) which is relevant here is with regard to certain insurance benefits. Judicial review of these claims is barred by 38 U.S.C. §§ 784, 785. Only when there is a disagreement between the individual and the Veterans Administration as to a claim may Plaintiff bring suit in the United States District Court. 38 U.S.C. § 784(a). In the present case there is no life insurance policy over which the parties could

disagree. Additionally, even if there were a valid policy, the United States and not the Veterans' Administration would be the only proper defendant in this suit. *Id.* Further, the six year statute of limitations contained in 38 U.S.C. § 784(b) operates to bar this claim.

Even if they were reviewable in this Court, Plaintiff's claims for benefits other than those provided for in 38 U.S.C. § 107(a) would have to be denied. In 38 U.S.C. § 107(a) Congress has set forth certain benefits available to Filipino veterans who served as recognized guerillas in World War II and their survivors. This section acts to bar claims for other types of benefits.

This Court also lacks subject matter jurisdiction to review determinations with regard to military service. 37 U.S.C. § 556. There is no allegation or indication here that any determination by the Secretary of the Army was arbitrary or capricious.

The United States has not waived sovereign immunity in this case. Therefore, neither the Veterans Administration nor the Department of the Army is a suable entity. Furthermore, Plaintiff has failed to state the grounds on which this Court's jurisdiction may be invoked contrary to Fed.R. Civ.P. 8(a) .

Finally, even if Plaintiff's cause of action were otherwise sustainable, it would be barred by the six-year statute of limitations provided in 28 U.S.C. § 2401.

For the foregoing reasons, it is by the Court this 13th day of January, 1987,

ORDERED, that Defendant's Motion is GRANTED; and it is

FURTHER ORDERED, that Plaintiff's action is DISMISSED with prejudice.